**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| In re | : | Chapter 13 |
| JOHN T. BROOKS, | : | |
| Debtor. | : | Case No. 07-10611  (JKF) |
| _____ | | |

## MEMORANDUM OPINION

BY:   JEAN K. FITZSIMON
      United States Bankruptcy Judge

Two matters are currently before the Court: the Debtor's Objection to the Amended Proof of Claim of Litton Loan Servicing, L.P., as Servicer for the Mortgagee of Record, and the Amended Motion of Litton Loan Servicing, L.P. as Servicer for the Mortgagee of Record for Relief from the Automatic Stay. Because currently there is no record before the Court that Litton Loan Servicing, L.P. owns or services the Debtor's mortgage, the Court will deny the Amended Motion for Relief from the Automatic Stay. The Debtor's Objection to the Amended Proof of Claim will be sustained, but the current owner of the Debtor's mortgage will have fifteen (15) days from the date that this opinion is issued to amend the proof of claim. If the proof of claim is amended within this 15 day period, it will relate back to this proof of claim filed by Residential Funding Company on March 20, 2007 and will be considered timely filed.

## I. BACKGROUND

John T. Brooks filed a Chapter 13 Bankruptcy Petition in this Court on February 2, 2007. The Debtor's Amended Schedule A lists property located at 4266 Parkside Avenue, Philadelphia, worth $198,000 (the "Property"). Testimony and evidence submitted at a hearing before the Court on July 20, 2007 (the "Bankruptcy Court Hearing") demonstrate that a total of three mortgages were taken out on the Property by the Debtor: 1) a mortgage in the amount of $65,700 in the name of John and Gloria Brooks, in favor of FHB Funding Company, executed on August 19, 1996 (the "FHB Mortgage"); 2) a mortgage in the amount of $81,750 in the name of John and Gloria Brooks in favor of Gelt Financial Corporation, executed on October 30, 1996 which refinanced the FHB Mortgage (the "First Gelt Mortgage"); and 3) a mortgage in the amount of $99,000 in the name of John and Gloria Brooks, also in favor of Gelt Financial Corporation, executed on August 25, 1997, which refinanced the First Gelt Mortgage (the "Second Gelt Mortgage"). The Second Gelt Mortgage was assigned to Altegra Credit Company ("Altegra") on September 18, 1997. Mr. Brooks acknowledged at the July 20, 2007 hearing that he executed and signed the FHB Mortgage, but denies having any knowledge of, or intent to execute the other two mortgages described.

Altegra won a foreclosure judgment on the Second Gelt Mortgage against the Debtor in Pennsylvania state court with regard to the Property. (See Debtor's

Statement of Financial Affairs.) The lawsuit, which was decided on February 22, 2006, resulted in a judgment being entered against Mr. Brooks in the amount of $196,611.68 plus interest, and a sheriff's sale being scheduled for February 6, 2007 (the "State Court Judgment"). The State Court entered an in rem foreclosure judgment; that is, it found that the Debtor and his wife, Gloria Brooks, had defaulted on the mortgage of $99,000 which was executed in August 1997 with Gelt Financial Corporation and transferred to Altegra Credit Company in September 1997. A Motion for Reconsideration by the Debtor was denied by the state court judge on April 7, 2006. The Debtor's appeal to the Superior Court was also dismissed on or about July 11, 2006, as was a second appeal by the Debtor on or about January 17, 2007. (See docket of proceedings in the state court, submitted as Exhibit M1 at the Bankruptcy Court Hearing). Therefore, the State Court Judgment remains a final judgment on the merits.

What became of the Brooks' Second Gelt Mortgage after it was assigned to Altegra in 1997 is the source of much confusion to this Court. Initially, Litton Loan Servicing, L.P. ("Litton") alleged it represented Residential Funding Company ("Residential"), as owner of the mortgage, in this bankruptcy and filed a motion to lift the stay and a proof of claim on its behalf. (See, docket entry #49; proof of claim # 3-1, filed March 21, 2007, the "Original Claim[1] "). The Original

---

[1]As the Debtor points out, Litton initially incorrectly filed two proofs of claim for the identical amount in the Debtor's bankruptcy case. Claim number 2 does not list Mr. Brooks' name on it as the Debtor (it lists Troy Douglas Carter and Kimberly Renee Carter as the debtors). This claim appears clearly to be filed in error in this case. Therefore, claim number 2 will be disallowed in its entirety. Claim

3

Claim attaches to it the Second Gelt Mortgage, leading to the conclusion that Residential was asserting itself to be the assignee and owner of this mortgage. However, when the Court asked for proof of assignment from Altegra to Residential, Litton instead simply began bringing pleadings generically in the name of "Litton Loan Servicing, L.P., as servicer for the Mortgagee of Record." (See, e.g., docket entry #78.)  On December 13, 2007, the Court suggested to Litton at a hearing in open court that in order for it to maintain standing in this matter it would need to submit evidence of an assignment of the Brooks' mortgage.  The Court told attorneys for the Debtor and Litton that the record on these matters would be closed as of January 3, 2008.

The attorney who represented Litton in this bankruptcy soon filed a "Praecipe to Amend Record for Filing of Chain of Assignments."  (Docket entry #106.)  This pleading makes no mention of Litton, but is filed in the name of "RFC Homecomings Financial, Assignee of National City Home Loan Services, F/K/A Altegra Credit Company, Assignee of Gelt Financial Corporation"  (Id.).  The document attached is an assignment of the Second Gelt Mortgage from National City Home Loan Services (formerly known as Altegra Credit Company) to Homecomings Financial, LLC ("Homecomings") on May 13, 2004.  No motion has been filed by Homecomings in this bankruptcy case.  Thus, the proof of assignment filed cannot aid in the ordering of any relief.

---

#3-1, the Original Claim, properly listing Mr. Brooks as the Debtor, was the first claim at issue here.

With regard to Litton, who has sought relief in this Court, two unresolved pleadings remain. First, the Debtor objects to the Proof of Claim of Litton Loan Servicing, L.P., as Servicer for the Mortgagee of Record. (See Claim #3-2, filed October 18, 2007, the "Amended Claim.") The claim at issue is an amended secured claim for $193,592 and is allegedly secured by a mortgage on the Debtor's Property. This claim amended the Original Claim, claim #3-1, for the same amount, which was filed by Litton on behalf of Residential on March 20, 2007. The Debtor objects to the Amended Claim because it was untimely filed and because no ownership of the Debtor's mortgage has been established. (See Objection, docket #91).

The second unresolved matter is an Amended Motion of Litton Loan Servicing, LP as Servicer for the Mortgagee of Record for Relief from the Automatic Stay. (The "Amended Motion to Lift the Stay" or "Amended Motion," see docket #78.) The Debtor filed a summary response to the Amended Motion, asserting that Litton lacks standing and that the underlying mortgage has been satisfied. (See docket # 80.) Prior to this, the Debtor had submitted a more detailed "Memorandum in Opposition to Residential Funding's Motion for Relief, Memorandum in Support of Debtor's Objection to POC filed by Residential Funding" in response to the Original Claim and Motion for Relief from Stay filed by Litton on behalf of Residential. (See docket # 66, the "Memorandum".)

5

## II. THE AMENDED MOTION TO LIFT THE STAY WILL BE DENIED

As the above discussion of the history of this case demonstrates, it is, to say the least, less than perfectly clear who currently owns the Second Gelt mortgage, and when and by whom that mortgage was assigned. To re-cap, Residential, with Litton as its servicer, initially asserted ownership of the Debtor's Second Gelt Mortgage. (See docket entry #57.) Once the Court asked for proof of Residential's assignment, an amended motion and proof of claim were filed in the name of "Litton Loan Servicing, L.P., as servicer for the Mortgagee of Record." (See docket entry #78.) Residential is no longer a party in this matter. Without explanation, the mortgagee now appears to be "RFC Homecomings Financial ("RFC"), Assignee of National City Home Loan Services, F/K/A Altegra Credit Company, Assignee of Gelt Financial Corporation." (See docket entry #106.) Litton, which filed the pending pleadings, has not been heard from for a while and its attorney is now representing RFC. Understandably, the Court does not have a clear picture of who currently owns the Debtor's mortgage, who is representing whom, and who is asking for what relief. By denying the Amended Motion, the Court eliminates the risk of granting relief where it is not deserved.

Additionally, the Amended Motion must be denied at this point because - due again to the many and great variety of pleadings and names on file - there is currently neither proof that the party who has a motion to lift the stay pending before the Court has an ownership interest in the Debtor's Property, nor is there a

6

motion pending by Homecomings – the only party to have offered proof of an assignment of the Debtor's mortgage. A party who has neither suffered the injury directly nor has an assignment of a cause of action lacks standing. See, e.g., Davis v. Yageo Corp., 481 F.3d 661, 677 (9th Cir. 2007); Triple Tee Golf, Inc. v. Nike, Inc., 2007 WL 4260489, at *14 (N.D. Tex. Aug. 10, 2007); Solar Time Ltd. v. XL Specialty Ins. Co., 2004 WL 1683149, at *6 (June 15, 2004). Because "Litton Loan Servicing, LP as servicer for the Mortgagee of Record" (who filed the Amended Motion to Lift the Stay) neither owns nor clearly has an assignment of the Second Gelt Mortgage, it lacks standing to prosecute this Motion. The Amended Motion will therefore be denied. The proper owner of the Brooks mortgage is not precluded from bringing a motion to lift the automatic stay at a later date.

### III.  THE OBJECTION TO THE AMENDED CLAIM WILL BE SUSTAINED

For the reasons just discussed, namely that the secured creditor in this case has created a paper trail nearly impossible to follow, the Debtor's Objection to the Amended Proof of Claim will be sustained in part. Because no ownership of the Debtor's mortgage has been established by Litton, under whose name the proof of claim is currently filed, the Debtor's Claim Objection is granted with regard to the Proof of Claim as it now stands.

However, the Court will grant the current holder of the Debtor's mortgage fifteen (15) days from the issuance of this Opinion to revise and re-file the Amended Claim.  If the current holder of the Debtor's mortgage can attach to the revised Amended Proof of Claim (the "Revised Claim") documentation showing a valid and binding chain of assignment to the Second Gelt Mortgage, then the Revised Claim will relate back to the Original Claim, which was timely filed by Litton on behalf of Residential on March 20, 2007.

By relating back to the Original Claim, and showing evidence that it relates to the same mortgage, the Revised Claim will itself be deemed timely.  Such proof is necessary because the Debtor correctly objects that the Amended Claim (and anything filed after) is technically untimely filed.  The deadline to file claims was July 10, 2007, or 90 days after the date set for the first meeting of creditors.  (See Bankr. Rule 3002(c); docket entry #26).  The Amended Claim was filed on October 18, 2007, and the Court is now allowing the secured creditor until late February to amend the claim with the correct creditor's name.

However, because the Amended Claim and the Revised Claim both relate to the timely proof of claim filed on March 20, 2007 - and are necessary only to correct the facial error of the secured creditor's name - they are within the scope of what courts permit as amendments to timely filed claims.  For example, the Seventh Circuit has held that Rule 3002 operates in conjunction with the relation back principle of Bankruptcy Rule 7015, which permits a technically untimely filing

to be deemed timely if it relates back to the same "conduct, transaction or occurrence." In re Unroe, 937 F.2d 346, 349 (7th Cir. 1991). See also In re MK Lombard Group I, Ltd., 301 B.R. 812, 816 (Bankr. E.D. Pa. 2003) ("[t]he trend of the cases appear to apply Rule 7015 to contested matters"); U.S. v. Johnston, 267 B.R. 717, 721-22 (N.D. Tex. 2001) ("[a]mendments to claims under [Fed. R. Civ. P. 15(c) are liberally allowed . . . to cure a defect in the claim as originally filed, to describe the claim with greater particularity or to plead a new theory of recovery on the facts set forth in the original claim." (citation omitted); In re Delmonte, 237 B.R. 132, 136 n.2 (Bankr. E.D. Tex. 1999) ("an amendment will relate back to the initial filing if it arises out of the same 'conduct, transaction, or occurrence.' This test looks to whether the original claim was sufficient to place others on notice of the existence of the claim made in the amendment")(citations omitted). The decision whether to grant an amendment to a proof of claim is committed to the discretion of a bankruptcy judge. In re MK Lombard Group I, Ltd., 301 B.R. 812, 816 (Bankr. E.D. Pa. 2003).

Applying the principles outlined above to this case, there is no question that a Revised Claim will arise out of the same transaction and occurrence as the Original Claim. The claim will be based on the exact same source of debt - the Second Gelt Mortgage - and will be for the same amount of money, $193,592. The amendment is only being allowed to correct the facial error of containing the wrong party's name and perhaps having insufficient evidence of an assignment

9

attached. While the Debtor may cry foul because this claim is filed late, his cries certainly ring hollow when one considers that he has not been prejudiced in any way. Mr. Brooks knew of this claim - its amount, if not its exact source - before his bankruptcy. He cannot now seriously contend that a Revised Claim, filed prior to the confirmation of his Chapter 13 plan, harms him or changes his condition is any way. See In re Dietz, 136 B.R. 459, 468-9 (Bankr. E.D. Mich. 1992) ("the type of prejudice which would bar a creditor from amending its proof of claim typically involves an irrevocable change in position or some other detrimental reliance on the status quo") (citations omitted).

Giving the secured creditor who has a proper assignment of the Second Gelt Mortgage 15 days to revise the claim is both sensible and permissible. The Court will therefore sustain the Debtor's Objection to the Amended Proof of Claim, only to the extent that the claim is facially flawed. The proper party has 15 days to fix and to re-file the claim.

## IV. EFFECT OF THE STATE COURT JUDGMENT

It is important to note that one of the reasons the Court has denied the Amended Motion and given the mortgagee a chance to revise the proof of claim is that the State Court Judgment remains a binding and valid foreclosure judgment owned by Altegra or its assignee. At this point in Mr. Brooks' bankruptcy, because the chain of assignment and ownership is murky, it is

unclear to whom exactly Mr. Brooks is indebted. But this much is clear: notwithstanding his steadfast assertion to the contrary, Mr. Brooks is liable for the Second Gelt Mortgage. That is, despite the remarkable failings by the Debtor's mortgagee in promptly and efficiently establishing its ownership of this mortgage, the Court is unable and unwilling simply to assume - as Mr. Brooks does - that these logistical difficulties, serious though they may be, somehow absolve the Debtor from the mortgage debt that he voluntarily incurred and is bound to pay. In short, Mr. Brooks owes $196,611.68 (the amount of the State Court Judgment) to someone. The fact that that someone has not satisfactorily identified itself yet is insufficient reason for Mr. Brooks to walk away from this debt or to continue to fail to address this debt in his Chapter 13 plan.

Furthermore, this Court cannot entertain arguments from Mr. Brooks regarding the validity of his mortgage or his duty to pay. Mr. Brooks had a full and fair opportunity to make any such arguments in state court; in fact, he appealed his case, and he lost. Res judicata prevents the Debtor from having a second bite at the apple here; "a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." Federated Dept. Stores, Inc. v. Moitie, 452 U.S. 394, 398 (1981) (citations omitted). See also Parkview Assoc. P'ship v. City of Lebanon, 225 F.3d 321, 329 n.2 (3d Cir. 2000) (citation omitted) (stating that res judicata "prohibits reexamination not only of matters actually decided in the prior

case, but also those that the parties might have, but did not, assert in that action.")

Indeed, Mr. Brooks, does not dispute the validity of the State Court Judgment itself; rather, he disputes the merits of the underlying facts and arguments that gave rise to that determination.[2]  This is precisely what res judicata precludes him from doing.  Any grievances Mr. Brooks has with the State Court Judgment is simply of no moment now that Mr. Brooks is in federal court; any and all arguments concerning his foreclosure proceeding should have been raised in state court prior to the State Court Judgment being entered.  See, e.g., In re Lee, 2007 WL 1650577, at *1 (Bankr. E.D. Pa. Jun. 5, 2007) (citing In re Graham, 973 F.2d F.2d 1089, 1093 (3d Cir. 1992)) (stating that res judicata "applies to claims that 'were or could have been raised' in a prior action involving the 'parties or their privies' when the prior action had been resolved by 'a final judgment on the merits.'"); In re Highway Truck Drivers and Helpers, Teamsters Local No. 107, 100 B.R. 209, 215 (Bankr. E.D. Pa. 1989) ("[f]ederal courts apply [res judicata] to state court proceedings not only to reduce needless litigation, but also to foster comity between the two systems.") (citations omitted).  See also In re Ramirez, 283 B.R. 156, 162 (Bankr. S.D.N.Y. 2002) (holding that an order in a debtor's previous chapter 13 case was res judicata in current case; "[res judicata] extinguishes claims even when a plaintiff is prepared to present evidence on

---

[2] Mr. Brooks does this despite his own admission on the stand in the state court proceeding that he in fact signed the Second Gelt Mortgage. (See transcript of Mr. Brooks state court testimony at pg.48, submitted as Exhibit M2 at the Bankruptcy Court Hearing).

12

grounds or theories of the case not presented in the first action or to seek remedies or forms of relief not demanded in the first action." (internal citations and quotations omitted)); In re Aboud, 237 B.R. 777 (10th Cir. B.A.P. 1999) (overruling debtor's objection to claim due, in part, to the preclusive effect of the state court foreclosure judgment). In other words, any attack the Debtor wished to make on the State Court Judgment, must have been made in the state court. Because res judicata applies, the Debtor cannot attack the foreclosure judgement in this Court.[3]

## V.  CONCLUSION

For the reasons discussed, the Court concludes that, due to the lengthy trail of motions and confusing string of party names, it is necessary as well as beneficial - as much as is possible at this point - to clear the record and start fresh. Therefore, the Amended Motion of Litton Loan Servicing, LP as Servicer for the Mortgagee of Record for Relief from the Automatic Stay is denied. Further, the Debtor's Objection to the Claim of Litton Loan Servicing, L.P. as

---

[3] The sole case cited by the Debtor in the Memorandum, Pepper v. Litton, 308 U.S. 295, 305 (1939), has been confined to its facts, and courts since 1939 have determined that, contrary to the assertion of the Debtor, absent highly unusual circumstances not present here, res judicata does apply to bankruptcy in general and to the bankruptcy claims process. See, e.g., Heiser v. Woodruff, 327 U.S. 726, 737 (1946) ("[n]either Pepper v. Litton . . . nor the other cases which they cite, sustain the contention that the bankruptcy court, in passing on the validity of creditors' claims, may disregard the principle of res judicata"); In re Genesys Data Tech., Inc., 204 F.3d 124, 129 (3d Cir. 2000) (same); In re Audre, Inc., 202 B.R. 490, 497 (Bankr. S.D. Ca. 1996) ("the bankruptcy court's equitable power to disregard the principle of res judicata may be exercised only where the prior decisions did not address the later allegations of fraud or collusion") (citation omitted); In re Nugent, 254 B.R. 14, 32 (Bankr. D.N.J. 1998) (same) (citations omitted).

Servicer for the Mortgagee of Record is sustained as to the identity of the creditor. However, the owner of Mr. Brooks mortgage has fifteen (15) days from the issuance of this Order to amend the Proof of Claim and have it be deemed timely filed. As discussed, the Court also has considered the res judicata effect of the State Court Judgment in reaching this conclusion.

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| In re | : | Chapter 13 |
| JOHN T. BROOKS, | : | |
| Debtor. | : | Case No. 07-10611 (JKF) |

# **ORDER**

This 13th day of February, 2008, the Debtor's Objection to the Claim of Litton Loan Servicing, L.P. as Servicer for the Mortgagee of Record is **sustained**. However, the owner of Mr. Brooks' mortgage has fifteen (15) days from the issuance of this Order to amend the Proof of Claim to reflect the true owner of the claim and the authority of any third party to represent the owner and if so, it will be deemed timely filed. In addition, the Amended Motion of Litton Loan Servicing, LP as Servicer for the Mortgagee of Record for Relief from the Automatic Stay is **denied**. Claim number 2 is **dismissed with prejudice**.

_____
JEAN K. FITZSIMON
United States Bankruptcy Judge

Copies to:

John T. Brooks
4266 Parkside Avenue
Philadelphia, PA  19104

David A. Scholl, Esquire
Regional Bankruptcy Center of SE PA
Law Office of David A. Scholl
6 St. Albans Avenue
Newtown Square, PA  19073

Peter Mulcahy, Esquire
Phelan Hallinan & Schmieg, LLP
One Penn Center at Suburban Station
1617 John F. Kennedy Boulevard, Suite 1400
Philadelphia, PA  19103-1814