**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| In re | : | Chapter 13 |
| JOHN T. BROOKS, | : | |
| Debtor. | : | Case No. 07-10611 (JKF) |
| _____ | | |

**STATEMENT OF REASONS IN SUPPORT
OF ORDER DATED JULY 31, 2008**

This 31st day of July 2008, upon consideration of Homecomings Financial, LLC's, f/k/a Homecomings Financial Network, Inc., Assignee of National City Home Loan Services, f/k/a Altegra Credit Company, Assignee of Gelt Financial Corporation ("Homecomings") Brief as to Validity of State Court Judgment and in Support of Motion for Relief (the "Brief") and the Debtor's Response thereto;

**AND** a hearing with witnesses being held in this matter on May 8, 2008 (the "May 8th Hearing");

**AND** the Debtor having filed for Chapter 13 bankruptcy protection on February 2, 2007;

**AND** the Debtor owning property located at 4266 Parkside Avenue in Philadelphia (the "Property");

**AND**, as more fully discussed in a Memorandum Opinion issued by this Court on February 13, 2008 (the "Opinion") (see docket entry no. 109), Altegra Credit Company, which was assigned a mortgage on the Property in the original amount $99,000 from Gelt Financial Company on September 18, 1997 (the "Gelt Mortgage"), having sued

Debtor and his spouse in 2001 (the "State Court Proceeding") and won a foreclosure judgment in Pennsylvania state court on February 22, 2006 in the amount of $196,611 (the "State Court Judgment") (see Opinion, pgs. 2-3);

**AND** Mr. Brooks having lost a Motion for Reconsideration and two appeals thereof in state court, the State Court Judgment remains a final judgment on the merits;

**AND**, on May 13, 2004, during the pendency of the State Court Proceeding, the Gelt Mortgage being assigned from the entity formerly known as Altegra Credit Company, National City Home Loan Services, to Homecomings Financial, LLC. (see Exhibit M1);[1]

**AND** the Gelt Mortgage being assigned from Homecomings back to National City Home Loan Services on April 14, 2008 (see Exhibit D2);

**AND** Homecomings having filed a Motion for Relief from the Automatic Stay based on the Gelt Mortgage on March 14, 2008 (see docket entry no. 118) (the "Motion for Relief"), to which the Debtor has objected (see docket entry no. 121);

**AND** Homecomings having filed a proof of claim on February 28, 2008 in the amount of $193,592,[2] (the "Proof of Claim") to which the Debtor has objected (see docket entry no. 116) (the "Objection to the Claim");

**AND** the Proof of Claim being based on the Gelt Mortgage and not on the State Court Judgment, as is evidenced by the fact that the Proof of Claim only attaches

---

[1] The Exhibits were submitted at the May 8th Hearing and were moved into evidence without objection.

[2] Per the Opinion and accompanying Order, this claim was deemed timely filed due to the fact that it was an amendment to proof of claim number two, which was filed on March 21, 2007 (prior to the bar date).

2

copies of the Gelt Mortgage and Assignment of Mortgage from National City Home Loan Services to Homecomings. No copy of the State Court Judgment is attached to the Proof of Claim. See Claim no. 9. See also Fed. R. Bankr. P. 3001(c) ("[w]hen a claim, or an interest in property of the debtor securing the claim, is based on a writing, the original or a duplicate shall be filed with the proof of claim.");[3]

**AND**, it being the case that the State Court Judgment was a foreclosure judgment entered with regard to the Gelt Mortgage on February 22, 2006, the "terms of the mortgage [became] merged into a foreclosure judgment and thereafter no longer provide the basis for determining the obligations of the parties." In re Stendardo, 991 F.2d 1089, 1095 (3d Cir. 1993). See also In re A&P Diversified Tech. Realty, Inc., 467 F.3d 337 (3d Cir. 2006);

**AND** Homecomings therefore being unable to base its Proof of Claim (originally filed on March 21, 2007) on the Gelt Mortgage, which was no longer in existence following the entry of the State Court Judgment (on February 22, 2006). See In re

---

[3] While the Proof of Claim does not attach copies of the State Court Judgment, it does note on its face that a court judgment was obtained in September 2006 (see item no. 3 on the Proof of Claim). When a proof of claim does not adhere to the requirements of Rule 3001 by providing the documents necessary to support the claim, it should not necessarily be disallowed, but rather is denied *prima facie* validity. In re Kinkaid, 388 B.R. 610, 614 (Bankr. E.D. Pa. 2008). Yet because the Objection to the Claim raised the issue of the validity of the State Court Judgement and Homecomings has had ample opportunity before and during the May 8th Hearing to supplement the Proof of Claim with documentation of the State Court Judgment, and has not done so, it is now appropriate to find that the Proof of Claim has failed to meet the requirement of Rule 3001(c) and was therefore not based on the State Court Judgment.

It is also worth noting that Homecomings' argument in its Brief that this Court can alter or amend the State Court Judgment per Pennsylvania Rule of Civil Procedure 3118(a) is incorrect. This Rule states that "after notice and a hearing, *the court in which a judgment has been entered* may, before or after the issuance of a writ of execution, enter an order against any party or person. . ." (emphasis added). Yet this Court is not the court in which the State Court Judgment was entered. Rather, the judgment was entered in the Pennsylvania state court. Further, the *Rooker-Feldman* doctrine prevents "'inferior' federal courts from sitting as appellate courts for state court judgments." In re Knapper, 407 F.3d 573, 580 (3d Cir. 2005). See also Desi's Pizza, Inc. v. City of Wilkes-Barre, 321 F.3d 411, 419 (3d Cir. 2003). This Court would essentially be sitting as an appellate court to a state court - in contradiction of the *Rooker-Feldman* doctrine - if it were to review or revise the State Court Judgment.

Stendardo, 991 F.2d 1089, 1095 (3d Cir. 1993) ("[a]s a result of . . . merger, there is no longer a mortgage");

**AND** at the May 8th Hearing, two documents being admitted into evidence, without objection, showing that Homecomings is no longer the owner of the Gelt Mortgage,[4] namely: (1) a March 19, 2008 letter from Sharon Robinson of Homecomings stating that "we currently have no active mortgage on the above referenced property or any active account information listed under the social security number for John Brooks (see Exhibit D-1); and (2) a recorded assignment of mortgage on the Property from Homecomings to National City Home Loan Services, dated April 14, 2008 (see Exhibit D-2);

**AND** Homecomings offering no direct rebuttal at the May 8th Hearing to the Debtor's evidence that Homecomings lacks a mortgage interest in the Property;[5]

**AND** the Court not being able to take into account Homecomings' contention in its post-trial Brief that, on April 14, 2008, the loan was reassigned from Homecomings to National City "in error" (pg. 2) and the Gelt Mortgage was reassigned back to

---

[4] While the merger doctrine allows that a foreclosure judgment is a "new and higher obligation" to a mortgage and that "the rights and obligations that are based on the judgment are substituted in their place," the discussion of the ownership interest of the Gelt Mortgage is nonetheless provided due to the fact that the subject was the focus of both the Proof of Claim and the May 8th Hearing. In re Phillips Group, Inc., 382 B.R. 876, 883 (Bankr. W.D. Pa. 2008) (citations omitted).

[5] Sheila Hall, Bankruptcy Specialist for Litton Loan Servicing, L.P. ("Litton"), servicer of the Gelt Mortgage, testified that Sharon Robinson may have told Mr. Brooks that Homecomings did not have an active mortgage on the Property because Homecomings is not itself servicing the loan. Ms. Hall's testimony is unconvincing for three reasons: 1) Ms. Hall works for Litton, not for Homecomings; 2) she admitted that she would not know if Homecomings had a record of ownership or not; and 3) Homecomings did not supplement Ms. Hall's testimony with any written document.

4

Homecomings on May 16, 2008 (Id.)[6] because these alleged facts were offered by Homecomings for the first time after the May 8th Hearing. Evidence introduced after a trial or hearing may not be taken into account. See In re Gibson, 249 B.R. 645, 652-3 (Bankr. E.D. Pa. 2000) ("'evidence' not admitted into a hearing or trial record cannot be considered") (quoting In re Greenfield Dry Cleaning & Laundry, Inc., 249 B.R. 634, 641 (Bankr. E.D. Pa. 2000). See also Hopkins v. Texas Mast Climbers, L.L.C., 2005 WL 3435033, at *1 n.1 (S.D. Tex. Dec. 14, 2005);

    **AND** Homecomings therefore having failed to meet its burden of production with regard to the Motion for Relief by failing to show that "the obligation is secured by a valid security interest." In re Fund Raiser Products Co., Inc., 163 B.R. 744, 748 (Bankr. E.D. Pa. 1994);

    **AND** Homecomings having failed to meet its "ultimate burden of persuasion" with regard to the Proof of Claim due to the fact that its claim is based on the Gelt Mortgage, which had previously been extinguished, according to the doctrine of merger, upon the entry of the State Court Judgment.[7] In re Kincaid, 388 B.R. 610, 614 (Bankr. E.D. Pa. 2008);

    **AND** though it being true that the Opinion held that the State Court Judgment is *res judicata* in Mr. Brooks' bankruptcy case, at this point no party has filed a motion or

---

[6] Homecomings' Brief attaches no supporting documentation or proof of assignment of the Gelt Mortgage from National City back to Homecomings on May 16, 2008.

[7] Homecoming also failed either to attach evidence of ownership of the State Court Judgment or to rebut the Debtor's evidence at the May 8th Hearing which demonstrated that Homecomings no longer had possession of the Gelt Mortgage.

claim in this Court based on a clear right to the State Court Judgment[8] or on a valid mortgage interest in the Property;

Accordingly, an order will be entered denying the Motion for the Relief and sustaining the Objection to the Claim.

_____
HONORABLE JEAN K. FITZSIMON
United States Bankruptcy Judge

---

[8] The Third Circuit has determined that, "following the entry of a foreclosure judgment, the lender continues to have a 'security interest'" on the property which survives bankruptcy. First National Fidelity Corp. v. Perry, 945 F.2d 61, 64 (3d Cir. 1991). That is, "'the security interest or lien against the property continues to be the *product* of the consensual arrangement between debtor and lender. . . The Code's definition provides that a security interest is a 'lien created by an agreement.'" Midlantic Nat'l Bank v. DeSeno, 17 F.3d 642, 645 n.3 (3d Cir. 1994) (citing Perry and 11 U.S.C. § 101(51)) (emphasis in original). Liens pass through bankruptcy unaffected. In re Mansaray-Ruffin, 530 F.3d 230, 235 (3d Cir. 2008). Perry, which held that 11 U.S.C. § 1322(b)(2) precluded modification of a secured claim that had been reduced to a foreclosure judgment pre-petition, has been overruled by statue. Sections 1322(c)(1) and (2) now permit the cure of a secured claim following a foreclosure judgment as long as the petition is filed before the foreclosure sale occurs. However, the discussion in Perry regarding the nature of the security interest following a foreclosure judgment has not been affected by this change in the law. See also In re Gelletich, 167 B.R. 370, 376 (Bankr. E.D. Pa. 1994) ("the scope of a mortgagee's security interest is not changed by the entry of a foreclosure judgment in the mortgagee's favor."); In re Laws, 163 B.R. 449, 152 (Bankr. E.D. Pa. 1994) ("a mortgagee's security interest was not changed by a foreclosure judgment."). Therefore, the State Court Judgment has become the mortgagee's security interest on the Debtor's Property. That interest has not yet been extinguished in his bankruptcy. If Mr. Brooks fails to deal with the State Court Judgment in his bankruptcy, this security interest will survive the discharge even though the mortgage claim has been disallowed.

6