# IN THE UNITED STATES BANKRUPTCY COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**In re:**

**JOHN T. BROOKS,**  :    **CHAPTER 13**
    **Debtor**

: **BANKRUPTCY NO. 07-10611**

## FIFTH AMENDED CHAPTER 13 PLAN OF THE DEBTOR

1. If this case were maintained under Chapter 7 of the Bankruptcy Code, there would may be payments to unsecured creditors. Under this plan, these creditors will not receive less than they would have in Chapter 7.

2. The Debtor shall submit to the supervision and control of the Trustee payments in the total amount of $1090 through May, 2008, and thereafter $78/month for the remaining 42 months of the plan, beginning in September, 2008.

3. The Debtor has objected to all claims made by Litton Loan Servicing, LLP ("Litton") and Homecomings Financial, LLC ("HF"), relating to his marital home at 4266 Parkside Ave., Philadelphia, PA. 19104 ("the Home"), on the ground that neither Litton nor any of the parties on whose behalf it purports to act, including HF, can prove any valid claim against the Debtor or the Home. The Debtor further believes that any and all obligations against the Home, claimed by Litton or otherwise, have been paid, and that he is entitled to invoke the automatic stay as to Litton or any other parties asserting secured claims during the pendency of this case to prevent the foreclosure on the Home and prevent disruption of the administration of this case. However, since he believes that no just secured claim against the Home can be asserted against him, he will not treat any such claim in this plan.

4. The various claims of the Debtor's creditors are classified in this Plan as follows:
   A. Class One: Administrative claims. These claims include unpaid attorney's fees of $2024 and the Trustee's fees.
   B. Class Two: The alleged secured claims filed by Litton and/or HF. These claims and the application of the automatic stay to these parties will be defended, since assertion of rights in state or other courts by these parties would jeopardize the Debtor's residence and be disruptive to the administration of the plan. However, no payments to such creditors will be provided for in this plan, and hence they will not be treated in this plan. See In re Waldman, 75 B.R. 1005 (Bankr. E.D. Pa. 1987).
   C. Class Three: The claim of $113.22 filed by the City and School District of Philadelphia secured by a lien against the Home. The Debtor will pay this claim in full if it is allowed.
   D. Class Four: All other claims which are timely filed and allowed.

      4. The payments received by the Trustee from the Debtor shall be distributed first to the Class One claims, secondly, to the filed Class Three claim in full; and thirdly, to allowed Class Four claims in full.

      5. Title of the property of the estate which is not sold shall revest in the Debtor upon confirmation of the Plan, and the Debtor shall have the sole right to the use and possession of same pending confirmation.

      6. Upon application, the Debtor may alter the amount and timing of payments under this Plan.

      7. The automatic stay shall remain in effect until this case is closed, on the same terms after confirmation as before confirmation.

      8. Upon completion of this or any other duly confirmed plan, as amended, all claims listed in the Debtor's Schedules will be discharged

Date: 8-22-08

                                               DAVID A. SCHOLL
                                               Attorney for Debtor